UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 22-cv-05544-TSH<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 14 |

## I.　INTRODUCTION

Defendant United States of America moves for an order transferring this matter to the Eastern District of California pursuant to the first-to-file rule because Plaintiff Victoria Thompson initially filed her claims in that district. ECF No. 14. Thompson filed an Opposition (ECF No. 18) and the government filed a Reply (ECF No. 21). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 9, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the government's motion for the following reasons.[1]

## II.　BACKGROUND

Victoria Thompson brings this case on behalf of her late husband, Russell Gene Thompson, a veteran who received care at Department of Veterans Affairs ("VA") medical facilities in Martinez and San Francisco, California. First Am. Compl. ("FAC") ¶¶ 1, 7, 19, 39, ECF No. 7. Mr. Thompson and Mrs. Thompson resided and currently reside, respectively, in Sacramento County, California, in the Eastern District. *Id.* ¶ 8; 28 U.S.C. § 84(b).

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 17.

1    On August 17, 2022, Mrs. Thompson filed the first lawsuit regarding Mr. Thompson's care
2  at the VA in the Eastern District of California. *See Thompson v. United States*, 2:22-cv-1459-
3  JAM-JDP (E.D. Cal., filed Aug. 17, 2022) ("*Thompson I*").[2] Mrs. Thompson raised claims of
4  professional negligence, "civil murder," wrongful death, and elder abuse regarding Mr.
5  Thompson's care at the San Francisco VA for bed sores, pain, and end-of-life treatment. *Id.*, ECF
6  No. 1. Mr. Thompson's other surviving heirs are named as nominal defendants. *Id.* ¶¶ 17-19,
7  146-48. They are all located in the Eastern District of California: Katherine Thompson resides in
8  Lodi, California; Dirk Thompson resides in Acampo, California; and Michelle Thompson-Cowgill
9  resides in Mather, California. *Id.* ¶¶ 17-19; 28 U.S.C. § 84(b).

Over a month after filing the initial lawsuit, on September 28, 2022, Mrs. Thompson filed the present case in the Northern District of California. She again raises claims of professional negligence and elder abuse, but in this matter asserts claims related to Mr. Thompson's care at the Martinez VA for bed sores, pain, and malnutrition.

The government filed the present motion on January 5, 2023, arguing this case belongs in the Eastern District because Mrs. Thompson chose to file her claim regarding Mr. Thompson's care in that venue in the first instance.

### III.  LEGAL STANDARD

The "first-to-file" rule is a "doctrine of federal comity [that] permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quotation marks and citation omitted). The rule's purpose is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. United States Food and Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

---

[2] The Court takes judicial notice of the filings in *Thompson I* as matters of public record. Fed. R. Evid. 201(b); *Harris v. County. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted).

Three factors are analyzed when deciding whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The first-to-file rule is neither rigid nor inflexible and should be applied with the consideration of sound judicial administration in mind. *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Because disciplined and experienced judges are given ample discretion in deciding to apply the first-to-file rule, *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), a court should thus strive to "maximize 'economy, consistency, and comity.'" *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)).

## IV.  DISCUSSION

### A.  Chronology of the Actions

The first factor "simply requires a chronology of the actions." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013). It is undisputed that *Thompson I* was filed over a month before this case and is thus the first-filed case. Accordingly, the first factor weighs in favor of applying the first-to-file rule.

### B.  Similarity of the Parties

The named parties in the two cases are identical: Mrs. Thompson brings survival claims of Mr. Thompson against the United States under the FTCA in both matters. Mrs. Thompson argues the first-to-file rule does not apply because the Eastern District and Northern District cases are brought against different medical centers in different geographic locations, and the two cases involve different employees. Opp'n at 5, 6-7. Mrs. Thompson cannot deny, however, that the named Plaintiff and named Defendant in both actions (and only proper defendant in an FTCA case) is the same. The federal agency whose actions are challenged is also the same: the Department of Veterans Affairs. Moreover, "the first-to-file rule does not require exact identity of the parties." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* Further, although the Eastern District and Northern District cases may involve different witnesses, "their presence does not preclude application of the first-to-

3

1    file rule because 'the similar parties' requirement does not require exact identity.'" *SMIC,*

2    *Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1026 (N.D. Cal. 2020)

3    (quoting *Microchip Tech., Inc. v. United Module Corp.*, 2011 WL 2669627, at *3 (N.D. Cal. July

4    7, 2011)).

5          Accordingly, this second factor weighs in favor of applying the first-to-file rule.

6    **C.    Similarity of the Issues**

7          Like the second factor, the issues between the two cases need not be identical, only

8    substantially similar. *Kohn Law Grp., Inc.*, 787 F.3d at 1240. To determine whether two suits

9    involve substantially similar issues, a court must look at whether there is "substantial overlap"

10   between the two suits. *Id.* at 1241. Here, the issues presented in each case are substantially

11   similar. Mr. Thompson was treated at the VA in at least two facilities, from April 2021 until his

12   passing in October 2021. Mrs. Thompson brings survivor claims of professional negligence and

13   elder abuse regarding various aspects of Mr. Thompson's care, as well as a wrongful death claim.

14   Although she seeks to bifurcate the claims, examination of the partial records submitted with each

15   complaint show that the claims raised are substantially similar and stem from ongoing bedsores,

16   malnutrition, and end-of-life care. Indeed, Mrs. Thompson submitted only one administrative tort

17   claim regarding Mr. Thompson's care. *See* Zack Decl., Ex. A, ECF No. 15-2. Litigation of these

18   claims will likely require overlapping testimony and evidence from Mrs. Thompson, Mr.

19   Thompson's children, and Mr. Thompson's providers at the VA. *See SASCO v. Byers*, 2009 WL

20   1010513, at *6 (N.D. Cal. Apr. 14, 2009) (holding that the issues must be similar, not necessarily

21   the claims or damages sought, and applying the first-to-file rule where the cases would require

22   adjudication of essentially the same issues); *Bashiri v. Sadler*, 2008 WL 2561910, at *2 (D. Ariz.

23   June 25, 2008) (Where "the discovery and evidence necessary to litigate each [case] is

24   substantially similar," it is appropriate to apply the first-to file rule.). And although *Thompson I*

25   raises claims of "murder" and "detention of human remains," and this case raises claims of

26   negligence based on alleged falls, "[t]he issues need not be precisely identical for the first-to-file

27   rule to apply." *Schwartz v. Frito-Lay N. Am.*, 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012).

28   Accordingly, this factor also weighs in favor of applying the first-to-file rule.

1         Mrs. Thompson argues this matter could not have been brought in the Eastern District
2 because the government facilities and employees are in the Northern District. Opp'n at 7-8.
3 However, pursuant to 28 U.S.C. § 1402(b), venue for an FTCA claim is proper "where the
4 plaintiff resides or wherein the act or omission complained of occurred." Mrs. Thompson resides
5 in Sacramento County, California, *see* FAC ¶ 8, and therefore venue would be proper in the
6 Eastern District of California. *See* 28 U.S.C. § 84(b). Mrs. Thompson also argues divisional
7 assignment is proper in this District pursuant to Civil Local Rule 3-2(c). Opp'n at 7. However,
8 Rule 3-2(c) pertains to what division of this Court a matter may be assigned. The government
9 does not contend that venue under 28 U.S.C. § 1402(b) is not proper in this District or that the
10 divisional assignment is incorrect. Rather, the government requests this Court transfer the matter
11 to the Eastern District, which also has jurisdiction over this case and is a proper venue.

12         Finally, Mrs. Thompson questions whether the government has sufficient minimum
13 contacts in the Eastern District to give rise to personal jurisdiction. Opp'n at 7-8. This argument
14 misses the mark. Specific personal jurisdiction, the type that requires "minimum contacts,"
15 questions whether jurisdiction is proper in a particular state. *See Ford Motor Co. v. Montana*
16 *Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) ("[Specific personal jurisdiction] covers
17 defendants less intimately connected with a State."). Both the Eastern and Northern Districts are
18 in California. If there is specific personal jurisdiction in this District, there is also specific
19 personal jurisdiction in the Eastern District. Further, Mrs. Thompson cannot credibly argue that
20 the Eastern District does not have personal jurisdiction because she brought *Thompson I*,
21 regarding Mr. Thompson's care at the San Francisco VA, in the Eastern District.

22         In sum, because the parties in both cases are the same and the claims are all related to Mr.
23 Thompson's end-of-life care provided by the VA, both cases may be heard in the Eastern District.
24 As "courts should be driven to maximize economy, consistency, and comity," *Kohn Law Grp.,*
25 *Inc.*, 787 F.3d at 1240, the Court finds this second-filed case should be transferred to the Eastern
26 District so that it may be consolidated with the first one.

### V.   CONCLUSION

28         For the reasons stated above, the Court **GRANTS** the government's motion to transfer.

The Clerk of Court is directed to transfer this matter to the Eastern District of California, to be consolidated with *Thompson v. United States*, 2:22-cv-1459-JAM-JDP.

**IT IS SO ORDERED.**

Dated: February 28, 2023

THOMAS S. HIXSON
United States Magistrate Judge

6